[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12033

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

HARLAN DECOSTE,
a.k.a. Money King,
a.k.a. Moneyking_111,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

2                     Opinion of the Court                  24-12033

D.C. Docket No. 0:15-cr-60172-WPD-1

_____

Before WILLIAM PRYOR, Chief Judge, and ROSENBAUM and ABUDU, Circuit Judges.

PER CURIAM:

Harlan Decoste, a federal prisoner, appeals *pro se* the *sua sponte* denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The government moves for summary affirmance. We grant that motion and affirm.

Summary disposition is appropriate when "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). We review the denial of a section 3582(c)(1)(A) motion for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021).

Decoste argues that a change in law establishes that he would receive a shorter sentence if he were sentenced today and constitutes an extraordinary and compelling reason for his release. *See* United States Sentencing Guidelines Manual § 1B1.13(b)(6) (Nov. 2023). But we need not address that argument because Decoste abandoned any challenge to the determination that the statutory sentencing factors, 18 U.S.C. § 3553(a), weighed against his release. An appellant forfeits an issue by failing to raise it in his initial brief. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 683 (11th Cir. 2014). And where a judgment is based on multiple,

independent grounds, an appellant must challenge every ground supporting it. *Id.* at 680. We may affirm a denial of compassionate release if the statutory sentencing factors weigh against relief. *See United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021). Decoste discussed the statutory sentencing factors for the first time in his response to the motion for summary affirmance, which is too late. *See Sapuppo*, 739 F.3d at 683. Because Decoste abandoned any challenge to the independent ground that the sentencing factors weighed against granting a sentence reduction, we affirm. *See id.* at 680.

In any event, the district court did not abuse its discretion in ruling that the sentencing factors weighed against Decoste's release. *See* 18 U.S.C. § 3553(a). The district court determined that the nature and circumstances of the offense in operating a "fraud factory" that caused millions of dollars in losses, Decoste's conduct compared with his codefendants, the need to promote respect for law, and the need to deter together weighed more heavily than any mitigating circumstances. *See Tinker,* 14 F.4th at 1240–41. And the district court committed no clear error in that judgment.

We **GRANT** the motion for summary affirmance of the order denying Decoste's motion for compassionate release. *See Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**